**UNITED STATES DISTRICT COURT**                **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| CRYSTAL DAVENPORT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:22-CV-469 |
| | § | |
| BRIAN BONINI and JUST IN TIME | § | |
| SYSTEMS, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendants Brian Bonini ("Bonini") and Just In Time Systems, LLC's ("Just In Time") (collectively, "Defendants") Motion for Summary Judgment (#17). Plaintiff Crystal Davenport ("Plaintiff") filed a response in opposition (#18). Having considered the motion, the submissions of the parties, the record, and the applicable law, the court is of the opinion that Defendants' motion should be granted in part and denied in part.

I.    Background

This lawsuit arises from a motor vehicle collision that occurred in Orange County, Texas, on August 23, 2022, between a Ford F-150 pick-up truck driven by Plaintiff and a tractor-trailer operated by Bonini "under the motor carrier authority" of his employer, Just In Time. Prior to the collision, Plaintiff and Bonini were both traveling eastbound on a section of Interstate Highway 10 ("I-10") with three lanes of travel. Plaintiff was driving in the right-hand lane and Bonini was driving in the center lane when a vehicle driven by an unknown third party entered Plaintiff's lane, causing Plaintiff to "take evasive action" and lose control of her truck. Plaintiff's truck then collided with one or more concrete barriers, veered into the lane where Bonini was driving, and

was struck by Bonini's tractor-trailer.  Plaintiff alleges that, as a result of the collision, she "suffered severe injuries to her neck, back, shoulders, and other parts of her body."

On September 26, 2022, Plaintiff filed her Original Petition (#3) in the 260th Judicial District Court of Orange County, Texas, asserting causes of action against Bonini for negligence and against Just In Time for negligent hiring; negligent training; negligent entrustment; and negligence in its supervision, retention, and monitoring of Bonini.  On October 27, 2022, Defendants removed the case to this court on the basis of diversity jurisdiction.[1]  Subsequently, Defendants filed an Unopposed Motion for Leave to Designate Responsible Third Party (#9) under Texas Civil Practice and Remedies Code § 33.004(j).  Defendants asserted that the unknown motorist, whose "identities and whereabouts cannot be determined," operated his or her vehicle "in a reckless manner with willful and wanton disregard for the safety of persons and/or property" and was, as a result, either the "sole proximate cause" or "a contributing proximate cause" of the collision and Plaintiff's injuries.  On January 5, 2023, the court granted Defendants' unopposed motion to designate the unknown driver as a responsible third party.

Now, Defendants seek summary judgment, asserting that Plaintiff cannot present any admissible evidence in support of her claims against Defendants.  In response, Plaintiff agrees to the dismissal of her "negligent entrustment, hiring, supervision[,] and training claims," abandoning all of her claims against Just In Time.  Plaintiff contends, however, that summary judgment is improper on her negligence claim against Bonini because Bonini's deposition

---

[1] Plaintiff is a citizen of Texas.  According to Defendants' Joint Notice of Removal (#1), Bonini "is a resident and citizen of the State of Florida or the State of North Carolina," and Just In Time is a limited liability company whose sole member is a citizen of the Commonwealth of Pennsylvania. Additionally, Plaintiff's petition seeks damages "in excess of $1,000,000.00."

2

testimony (#18-3) contains evidence from which it can be inferred that Bonini was driving negligently at the time of the collision and that his negligence was a proximate cause of Plaintiff's injuries.

## II.   Analysis

A party may move for summary judgment without regard to whether the movant is a claimant or a defending party. *See Union Pac. R.R. Co. v. Palestine*, 41 F.4th 696, 703 (5th Cir. 2022), *cert. denied*, 143 S. Ct. 579 (2023); *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 380 (5th Cir. 2019); *Apache Corp. v. W&T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir. 2010). Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2] FED. R. CIV. P. 56(a); *Union Pac. R.R. Co.*, 41 F.4th at 703; *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Anderson*, 9 F.4th 328, 331 (5th Cir. 2021); *Smith v. Harris County*, 956 F.3d 311, 316 (5th Cir. 2020); *Parrish*, 917 F.3d at 378; *Hefren v. McDermott, Inc.*, 820 F.3d

---

[2] The court observes that, when discussing the legal standard for summary judgment, Plaintiff's response cites only Texas cases, focusing in particular on the standard for "no evidence" summary judgment motions under Texas Rule of Civil Procedure 166a(i). Unlike Texas law, however, federal law does not recognize "no evidence" motions for summary judgment. *See* FED. R. CIV. P. 56(a); *see also Edwards v. Oliver*, No. 3:17-cv-01208-M-BT, 2021 WL 881283, at *3 n.4 (N.D. Tex. Jan. 19, 2021) (explaining that, while "perhaps by 'no evidence' [the movant] refers to the *Celotex* [*Corp. v. Catrett*, 477 U.S. 317 (1986)] court's construction of Rule 56," "the Federal Rules of Civil Procedure set forth only one summary-judgment standard under Rule 56"), *adopted by* No. 3:17-cv-01208-M-BT, 2021 WL 873190 (N.D. Tex. Mar. 9, 2021); *Shofner v. Shoukfeh*, No. 5:15-CV-152-C, 2017 WL 3842349, at *4 (N.D. Tex. Apr. 18, 2017) (explaining that *Celotex* and its progeny "provide that a summary judgment movant may discharge its Rule 56 burden by pointing to evidence that is lacking in the record (evidence necessary to support a particular element or claim that the non-movant has failed to adduce) rather than providing its own evidence to conclusively disprove the non-movant's claims"). At any rate, "[t]his Court's analysis proceeds, as it must, under the federal standard." *Taylor v. Dolgencorp of Tex., Inc.*, No. 6:18-CV-00179-ADA, 2020 WL 1902540, at *2 (W.D. Tex. Jan. 7, 2020).

767, 771 (5th Cir. 2016).   The parties seeking summary judgment bear the initial burden of informing the court of the basis for their motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which they believe demonstrate the absence of a genuine issue of material fact.   *Celotex Corp.*, 477 U.S. at 323; *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644-45 (5th Cir. 2021); *Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 416-17 (5th Cir. 2021); *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019).

"A fact issue is 'material' if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015) (quoting *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007)), *cert. denied*, 578 U.S. 945 (2016); *see MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Corp.*, 7 F.4th 315, 321 (5th Cir. 2021); *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020).   "Factual disputes that are irrelevant or unnecessary will not be counted." *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *accord Valencia v. Davis*, 836 F. App'x 292, 296 (5th Cir. 2020); *see Dyer*, 964 F.3d at 379; *Parrish*, 917 F.3d at 378.   "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Gerhart v. Barnes*,  724 F. App'x 316, 321 (5th Cir. 2018) (quoting *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001)), *cert. denied*, 139 S. Ct. 1239 (2019); *accord Johnson v. City of San Antonio*, No. 22-50196, 2023 WL 3019686, at *6 n.7 (5th Cir. Apr. 20, 2023); *Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019).   Thus, a genuine dispute of material fact exists "if the

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren*, 820 F.3d at 771; *accord MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Sanchez Oil & Gas Corp. v. Crescent Drilling & Prod., Inc.*, 7 F.4th 301, 309 (5th Cir. 2021); *Dyer*, 964 F.3d 379; *Tiblier*, 743 F.3d at 1007.   The moving parties, however, "need not negate the elements of the nonmovants['] case." *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014); *see Savoy v. Kroger Co.*, 848 F. App'x 158, 160 (5th Cir. 2021).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial.   *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023); *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368; *Clark v. CertainTeed Salaried Pension Plan*, 860 F. App'x 337, 340-41 (5th Cir. 2021); *Acadian Diagnostic Lab'ys, L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 410 (5th Cir. 2020).   The court "should review the record as a whole."   *Black v. Pan Am. Lab'ys, LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018); *City of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014).   All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility.   *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022); *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir.

2021); *Lyons v. Katy Ind. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020).  The evidence of the nonmovant is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in her favor.  *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (quoting *Anderson*, 477 U.S. at 255); *Seigler*, 30 F.4th at 476; *Batyukova*, 994 F.3d at 724; *Lyons*, 964 F.3d at 302.

Furthermore, the court's obligation to draw reasonable inferences "does not extend so far as to allow a wholly 'unreasonable inference' or one which amounts to 'mere speculation and conjecture.'"  *Mack v. Newton*, 737 F.2d 1343, 1351 (5th Cir. 1984) (quoting *Bridges v. Groendyke Transp., Inc.*, 553 F.2d 877, 879 (5th Cir. 1977)); *accord McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 432 (5th Cir. 2020); *Batyukova*, 994 F.3d at 724 ("'Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation' will not survive summary judgment." (quoting *Orr v. Copeland*, 844 F.3d 484, 490 (5th Cir. 2016))); *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 528 (5th Cir. 1999) ("If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468-69 (1992))); *Mills v. Warner-Lambert Co.*, 581 F. Supp. 2d 772, 779 (E.D. Tex. 2008) ("[O]nly reasonable inferences in favor of the nonmoving party can be drawn from the evidence." (citing *Eastman Kodak Co.*, 504 U.S. at 468 n.14)).  "[S]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence."  *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 256 (5th Cir. 2020) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)); *accord Allaudin v. Perry's Rests., Ltd.*, 805 F. App'x 297, 299 (5th Cir. 2020); *Acadian Diagnostic Lab'ys, L.L.C.*, 965 F.3d at 410 (quoting *Turner v. Baylor*

*Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Heath v. Elaasar*, 763 F. App'x 351, 354 (5th Cir. 2019).

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *Lyons*, 964 F.3d at 302; *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 560 (5th Cir. 2019); *Tiblier*, 743 F.3d at 1007; *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013).   "[W]here the nonmoving party fails to establish 'the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' no genuine issue of material fact can exist." *Goode v. Greenstream Int'l, L.L.C.*, 751 F. App'x 518, 521 (5th Cir. 2018) (quoting *Nichols v. Enterasys Networks, Inc.*, 595 F.3d 185, 188 (5th Cir. 2007)); *see Phillips v. Sanofi U.S. Servs. (In re Taxotere (Docetaxel) Prods. Liab. Litig.)*, 994 F.3d 704, 710 (5th Cir. 2021); *Apache Corp.*, 626 F.3d at 793.   In such a situation, "'[a] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment' for the moving party." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389 (5th Cir. 2018) (quoting *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir.), *cert. denied*, 555 U.S. 1012 (2008)), *cert. denied*, 139 S. Ct. 2690 (2019); *accord Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023); *Stingley v. Watson Quality Ford*, 836 F. App'x 286, 288 (5th Cir. 2020).

A.     Plaintiff's Negligent Entrustment; Negligent Hiring; Negligent Training; and Negligent Supervision, Retention, and Monitoring Claims Against Just In Time

Defendants seek summary judgment on all of Plaintiff's claims.  In her response, Plaintiff agrees to "the dismissal of the negligent entrustment, hiring, supervision[,] and training claims."[3] Thus, it appears that Plaintiff has abandoned the aforementioned claims against Just In Time.

"This circuit's well-settled precedent instructs that a party abandons a claim by failing to defend it in response to motions to dismiss and other dispositive pleadings." *McClelland v. Katy Ind. Sch. Dist.*, 63 F.4th 996, 1010 (5th Cir.) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006); *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001); *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)), *cert. denied*, 144 S. Ct. 348 (2023); *see Normore v. Dall. Ind. Sch. Dist.*, ___ F. Supp. 3d ___, No. 3:18-CV-02506-E, 2023 WL 3937785, at *15 (N.D. Tex. June 9, 2023) ("When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed abandoned." (citing *Black*, 461 F.3d at 588 n.1; *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983))).  Where a plaintiff withdraws or abandons her claim in response to a defendant's motion for summary judgment, courts generally grant summary judgment to the defendant on the abandoned claim.  *See Ellis v. Klawonn*, No. 4:21-CV-00977-SDJ-CAN, 2023 WL 3993043, at *4 (E.D. Tex. June 8, 2023) (concluding that summary judgment was proper on

---

[3] Plaintiff's response does not explicitly mention her negligent retention or negligent monitoring allegations.  The court notes, however, that Plaintiff's petition groups her negligent supervision, negligent retention, and negligent monitoring allegations into one cause of action asserted against Just In Time.  *See* Plaintiff's Original Petition (#3) ("D.  Defendant Just In Time Systems's Negligent Supervision, Retention, and Monitoring.").  Thus, it appears that Plaintiff's agreement to the dismissal of her negligent supervision claim necessarily encompasses the dismissal of her negligent retention and negligent monitoring allegations.  At any rate, Plaintiff does not defend her negligent retention or negligent monitoring allegations in her response, rendering these claims unquestionably abandoned and subject to summary judgment in favor of Just In Time.

claims that the plaintiffs had "withdraw[n] (or otherwise abandon[ed])" (citing *Newton v. State Farm Lloyds*, No. 4:21-CV-00322-SDJ-CAN, 2022 WL 2195464, at *2 (E.D. Tex. May 17, 2022), *adopted by* No. 4:21-CV-322, 2022 WL 2195019 (E.D. Tex. June 17, 2022))); *Hill v. Concho Res., Inc.*, 634 F. Supp. 3d 359, 362 (W.D. Tex. 2022) (granting summary judgment to the defendants on claims that the plaintiff sought to withdraw in his response to the defendants' summary judgment motion).   In the case at bar, Plaintiff has abandoned her claims against Just In Time, and Just In Time has met its burden of demonstrating that no genuine dispute of material fact exists as to these claims.   Accordingly, Just In Time is entitled to summary judgment on Plaintiff's negligent entrustment; negligent hiring; negligent training; and negligent supervision, retention, and monitoring claims.[4]   Only Plaintiff's negligence claim against Bonini remains.

      B.      <u>Plaintiff's Negligence Claim Against Bonini</u>

                1.      <u>Plaintiff Is Not Entitled to a Continuance</u>

In her response, Plaintiff moves in the alternative to continue the court's ruling on Defendants' summary judgment motion.   She fails to explain, however, why such a continuance is warranted.   In fact, the only indications that Plaintiff seeks a continuance appear in the title of her response brief—"Plaintiff's Response to Defendants' Motion for Summary Judgment and Alternative Motion to Continue Ruling on the Same"—and in the statement in the Conclusion

---

[4] Notably, Plaintiff states that these claims should be "dismiss[ed]."   To the extent that Plaintiff seeks to dismiss voluntarily her claims against Just In Time under Federal Rule of Civil Procedure 41(a)(2), her efforts are unavailing.   *See, e.g.*, *Hill*, 634 F. Supp. 3d at 362 (explaining that, where the plaintiff sought to withdraw certain claims in his response to the defendants' motion for summary judgment, the plaintiff could "not unilaterally withdraw his claims to avoid a negative judgment" because under Rule 41(a)(2), "a plaintiff may not voluntarily dismiss a claim after a summary judgment motion has been filed without first receiving the Court's consent").   Likewise, in the case at bar, Plaintiff has neither sought nor received the court's consent for the dismissal of her claims against Just In Time.   Accordingly, Plaintiff's claims are not eligible for voluntary dismissal under Rule 41(a)(2).

section of her brief that the court "should . . . alternatively continue the ruling on the [Defendants'] Motion." Thus, in light of Plaintiff's paucity of explanation or argument on this issue, a continuance is not warranted.

In this instance, Defendants did not file the pending summary judgment motion until a mere four days before the motions deadline set forth in the parties' agreed Amended Scheduling Order (#15). Additionally, this case had been pending for over nine months at the time Defendants filed the current motion. Thus, Plaintiff has had ample opportunity to conduct discovery. Moreover, Plaintiff does not identify any basis for concluding that specified, discoverable facts exist or how such facts would influence the disposition of the instant motion.[5] The court finds Plaintiff's bare-bones request for a continuance insufficient to warrant a postponement of its ruling to allow additional time for discovery. Accordingly, Plaintiff's request is denied.

---

[5] The court notes that the Proposed Order (#18-4) attached to Plaintiff's response brief includes the following statement: "Plaintiff's Motion to Continue Ruling is GRANTED and the Court will take the issues back up after a currently unidentified defendant is identified and located." The court infers that Plaintiff is referencing the unknown motorist who has been designated as a responsible third party in this case. Even if the court were inclined to consider Plaintiff's passing reference to this detail in her proposed order, Plaintiff nevertheless fails to explain how such facts regarding the unknown motorist's identity and location are discoverable and "susceptible of collection within a reasonable time frame." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). Indeed, neither Defendants nor Plaintiff appears to be aware of the unknown driver's identity or any means of identifying him or her. *See* Defendants' Unopposed Motion for Leave to Designate Responsible Third Party (#9) ("[T]he offender's identities and whereabouts cannot be determined."); Plaintiff's Objection and Responses to Defendants' First Set of Admissions (#17-1) (responding "Admit" to the following requests for admission: "Admit that you have no information regarding the identity of the operator of the vehicle which entered Plaintiff's lane of travel at the time of the incident of August 23, 2022" and "Admit that you have no information which would allow you to identify the vehicle which entered Plaintiff's lane of travel at the time of the incident of August 23, 2022.").

2.     Plaintiff Has Met Her Burden to Overcome Summary Judgment on Her
Negligence Claim Against Bonini

Finally, Bonini requests that the court grant summary judgment on Plaintiff's negligence claim against him.  Under Texas law, a negligence claim consists of four essential elements:

(1) a legal duty owed to the plaintiff by the defendant;

(2) a breach of that duty;

(3) an actual injury to the plaintiff; and

(4) a showing that the breach was the proximate cause of the injury.

*Eckhardt v. Qualitest Pharm., Inc.*, 751 F.3d 674, 681 (5th Cir. 2014) (quoting *Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006)); *see Molina v. Home Depot USA, Inc.*, 20 F.4th 166, 169 (5th Cir. 2021); *Milligan v. Home Depot USA, Inc.*, 809 F. App'x 217, 219 (5th Cir. 2020); *Espinoza v. Cargill Meat Sols. Corp.*, 622 F.3d 432, 443 (5th Cir. 2010); *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022); *In re Oncor Elec. Delivery Co. LLC*, 630 S.W.3d 40, 43 (Tex. 2021).   "[T]he existence of duty is a question of law for the court to decide from the facts surrounding the occurrence in question."  *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 178 (5th Cir. 2018) (quoting *Greater Hous. Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)); *Elephant Ins. Co., LLC*, 644 S.W.3d at 140 n.1 (quoting *Greater Hous. Transp. Co.*, 801 S.W.2d at 525); *Pagayon v. Exxon Mobil Corp.*, 536 S.W.3d 499, 503 (Tex. 2017).   If the defendant owed no duty, he cannot be found liable for negligence.  *Allen*, 907 F.3d at 180; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 542 n.19 (5th Cir. 2005); *Thapar v. Zezulka*, 994 S.W.2d 635, 637 (Tex. 1999).

"A duty is a 'legally enforceable obligation to comply with a certain standard of conduct.' " *Bauer v. Gulshan Enters., Inc.*, 617 S.W.3d 1, 21 (Tex. App.—Houston [1st Dist.] 2020, pet.

11

denied) (quoting *Hand v. Dean Witter Reynolds, Inc.*, 889 S.W.2d 483, 491 (Tex. App.—Houston [14th Dist.] 1994, writ denied)); *San Benito Bank & Tr. Co. v. Landair Travels*, 31 S.W.3d 312, 317 (Tex. App.—Corpus Christi 2000, no pet.); *accord City of Houston v. Jenkins*, 363 S.W.3d 808, 817 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).  "A duty can be assumed by contract or imposed by law."  *J.P. Morgan Chase Bank, N.A. v. Tex. Cont. Carpet, Inc.*, 302 S.W.3d 515, 530 (Tex. App.—Austin 2009, no pet.); *see In re Wheeler*, 612 F. App'x 763, 767 n.3 (5th Cir. 2015) (citing *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 223 (Tex. 2002) (Enoch, J., concurring)).  Whether a duty exists "turns 'on a legal analysis balancing a number of factors, including the risk, foreseeability, and likelihood of injury, and the consequences of placing the burden on the defendant.'"  *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 198 (5th Cir. 2014) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)); *accord Bauer*, 617 S.W.3d at 22; *Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 218 (Tex. 2008).  Of these factors, foreseeability of the risk is the dominant consideration.  *Martinez v. Walgreen Co.*, 935 F.3d 396, 402 (5th Cir. 2019) ("The Texas Supreme Court has 'described foreseeability as the "foremost and dominant consideration" in the duty analysis' . . . ." (quoting *Tex. Home Mgmt., Inc. v. Peavy*, 89 S.W.3d 30, 36 (Tex. 2002))); *see Boudreaux*, 402 F.3d at 541; *Greater Hous. Transp. Co.*, 801 S.W.2d at 525.  Nevertheless, "foreseeability alone is not sufficient to justify imposition of a duty."  *W. Hous. Airport, Inc. v. Millennium Ins. Agency, Inc.*, 349 S.W.3d 748, 754 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (citing *City of Waco v. Kirwan*, 298 S.W.3d 618, 624 (Tex. 2009)); *accord HNMC, Inc. v. Chan*, 637 S.W.3d 919, 966 (Tex. App.—Houston [14th Dist.] 2021, pet. granted); *Gatten v. McCarley*, 391 S.W.3d 669, 676 (Tex.

App.—Dallas 2013, no pet.).   "[M]ere knowledge of a dangerous situation imposes only a moral duty to warn or render aid, not a legal duty."  53 TEX. JUR. 3D *Negligence* § 8 (2007).

In Texas, proof of negligence requires a showing of proximate cause.  *Bos v. Smith*, 556 S.W.3d 293, 303 (Tex. 2018); *HMC Hotel Props. II Ltd. P'ship v. Keystone-Tex. Prop. Holding Corp.*, 439 S.W.3d 910, 913 (Tex. 2014); *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 551 (Tex. 2005); *Munoz v. City of Pearsall*, 64 S.W.3d 119, 123 (Tex. App.—San Antonio 2001, no pet.) (citing *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex. 1995), *abrogated on other grounds by Ford Motor Co. v. Ledesma*, 242 S.W.3d 32 (Tex. 2007)).   Proximate cause consists of two elements—cause in fact and foreseeability.  *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019) (quoting *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 122 (Tex. 2009)); *Villafranca v. United States*, 587 F.3d 257, 265 (5th Cir. 2009) (citing *IHS Cedars Treatment Ctr. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)); *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie*, 578 S.W.3d 506, 518 (Tex. 2019); *HMC Hotel Props. II Ltd. P'ship*, 439 S.W.3d at 913.   "The cause-in-fact element is satisfied by proof that (1) the act was a substantial factor in bringing about the harm at issue, and (2) absent the act ("but for" the act), the harm would not have occurred."  *HMC Hotel Props. II Ltd. P'ship*, 439 S.W.3d at 913 (citing *Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, 299 S.W.3d at 122); *accord Rogers v. Zanetti*, 518 S.W.3d 394, 402 (Tex. 2017); *Knight Oil Tools, Inc. v. Rippy Oil Co.*, No. 10-18-00284-CV, 2021 WL 5235149, at *2 (Tex. App.—Waco Nov. 10, 2021, pet. denied). "[C]ause in fact is not established where the defendant's negligence does no more than furnish a condition which makes the injuries possible."  *Mason v. AMed-Health, Inc.*, 582 S.W.3d 773, 789-90 (Tex. App.—Houston [1st Dist.] 2019, pet. denied) (quoting *IHS Cedars Treatment Ctr.*,

143 S.W.3d at 799); *see Aguilar v. Morales*, 545 S.W.3d 670, 680 (Tex. App.—El Paso 2017, pet. denied); *Rodriguez v. Moerbe*, 963 S.W.2d 808, 818 (Tex. App.—San Antonio 1998, pet. denied) (citing *Union Pump Co.*, 898 S.W.2d at 776).

"Foreseeability exists if the actor, as a person of ordinary intelligence, should have anticipated the dangers his negligent act creates for others." *Hulsey v. Attalla*, No. 01-18-00180-CV, 2019 WL 3484082, at *5 (Tex. App.—Houston [1st Dist.] Aug. 1, 2019, no pet.) (citing *D. Hous., Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)); *see Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 333 (5th Cir. 2017); *Elephant Ins. Co., LLC*, 644 S.W.3d at 149 (quoting *Bos*, 556 S.W.3d at 303). It also requires that the injured party is "so situated with relation to the wrongful act that injury to him or to one similarly situated might reasonably have been foreseen." *City of Austin v. Anam*, 623 S.W.3d 15, 18 (Tex. App.—Austin 2020, no pet.) (quoting *Ryder Integrated Logistics, Inc. v. Fayette County*, 453 S.W.3d 922, 929 (Tex. 2015)). Foreseeability does not permit recollecting events and theorizing an extraordinary scenario where defendant's actions caused the injury. *Bos*, 556 S.W.3d at 303; *Massage Heights Franchising, LLC v. Hagman*, ___ S.W.3d ___, No. 14-22-00160-CV, 2023 WL 7029384, at *5 (Tex. App.—Houston [14th Dist.] Oct. 26, 2023, no pet. h.) (citing *Read v. Scott Fetzer Co.*, 990 S.W.2d 732, 737 (Tex. 1998)). Instead, the question "involves a practical inquiry based on common experience applied to human conduct." *Massage Heights Franchising, LLC*, 2023 WL 7029384, at *5 (citing *Read*, 990 S.W.2d at 737); *see Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992); *City of Austin*, 623 S.W.3d at 18. Notably, "[f]oreseeability of the 'general danger' is an essential part of the inquiry, but we must also evaluate the foreseeability of the specific danger—'whether the injury to the particular plaintiff or one similarly situated could be anticipated.'" *Elephant Ins.*

14

*Co.*, 644 S.W.3d at 149 (quoting *Bos*, 556 S.W.3d at 303).    Nevertheless, the precise series of events that produced the harm need not be foreseeable.  *See Martinez*, 935 F.3d at 402 n.26 ("Texas courts have consistently held that foreseeability turns on the existence of general danger, not awareness of the exact sequence of events that produced the harm." (quoting *Austin*, 864 F.3d at 333)); *Univ. of Tex. M.D. Anderson Cancer Ctr.*, 578 S.W.3d at 519 (quoting *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex. 1996)).

Proximate cause is usually a mixed question of law and fact for the jury to determine. *Cherry v. Tex. Dep't of Crim. Just.*, 978 S.W.2d 240, 243 (Tex. App.—Texarkana 1998, no pet.) (citing *El Chico Corp. v. Poole*, 732 S.W.2d 306, 314 (Tex. 1987)); *accord Houston v. SPX Corp.*, 582 F. App'x 372, 374 (5th Cir. 2014) (quoting *Cave v. Tex. & Pac. Ry. Co.*, 296 S.W.2d 558, 560 (Tex. Civ. App.—Eastland 1956, writ ref'd n.r.e.)); *Whitmire v. Terex Telelect, Inc.*, 390 F. Supp. 2d 540, 558 (E.D. Tex. 2005) (citations omitted); *Forrest v. Vital Earth Res.*, 120 S.W.3d 480, 490 (Tex. App.—Texarkana 2003, pet. denied).    Because "Texas courts usually consider proximate cause an issue for the jury," *Haargaard v. Harris County*, No. 01-20672, 2002 WL 755304, at *2 (5th Cir. Apr. 11, 2002) (citing *Boyd v. Fuel Distribs., Inc.*, 795 S.W.2d 266, 272 (Tex. App.—Austin 1990, writ denied)), "it has been said that summary judgment procedure is not well adapted to the disposition of negligence cases."  *Whitmire*, 390 F. Supp. 2d at 558 (citing *Hennessy v. Perez*, 725 S.W.2d 507, 509 (Tex. App.—Houston [1st Dist.] 1987, no writ)). "Nonetheless, proximate cause may be a question of law where the facts are conclusive."  *Id.* (citing *Purina Mills, Inc. v. Odell*, 948 S.W.2d 927, 935 (Tex. App.—Texarkana 1997, pet. denied)).  A plaintiff must establish proximate cause by probative evidence, not mere conjecture. *Gutierrez v. Excel Corp.*, 106 F.3d 683, 687 (5th Cir. 1997); *see Stanfield v. Neubaum*, 494

15

S.W.3d 90, 97 (Tex. 2016); *Arcides v. Rojas*, 677 S.W.3d 154, 162 (Tex. App.—El Paso 2023, no pet.). "Proximate cause, however, like any other ultimate fact issue, may be established by circumstantial evidence." *Forrest*, 120 S.W.3d at 490; *see Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 169 (5th Cir. 2010) ("A jury may infer proximate cause from circumstantial evidence." (citing *Navigant Consulting, Inc. v. Wilkinson*, 508 F.3d 277, 289 (5th Cir. 2007))). In some circumstances, "[e]ven if the injury would not have happened but for the defendant's conduct, the connection between the defendant and the plaintiff's injuries simply may be too attenuated to constitute legal cause." *Bos*, 556 S.W.3d at 308 n.61 (quoting *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). "[A] lack of proximate cause may be established as a matter of law if the evidence is without material dispute and the circumstances are such that reasonable minds could not arrive at a different conclusion." *Phillips v. Tex. Dep't of Crim. Just.*, 366 S.W.3d 312, 316 (Tex. App.—El Paso 2012, no pet.); *see Rogers*, 518 S.W.3d at 401 ("[A]lthough causation is typically a question of fact, it may be determined as a matter of law when reasonable minds could not arrive at a different conclusion." (citing *Mo. Pac. R.R. Co. v. Am. Statesman*, 552 S.W.2d 99, 105 (Tex. 1977); *Green v. McKay*, 376 S.W.3d 891, 898 (Tex. App.—Dallas 2012, pet. denied))); *Ambrosio v. Carter's Shooting Ctr., Inc.*, 20 S.W.3d 262, 266 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Here, Bonini argues that he is entitled to summary judgment on Plaintiff's negligence claim because Plaintiff has failed to produce any admissible evidence that Bonini breached a legal duty owed to her or that Bonini's alleged breach proximately caused her injuries. Bonini asserts that, contrary to the allegations in Plaintiff's petition, there is no evidence that Bonini "failed to control his vehicle's speed," "failed to operate his vehicle safely," "failed to keep a proper lookout,"

"failed to maintain a safe distance," or acted in any other way "deemed negligent."  To support this argument, Bonini points out that Plaintiff conceded the following facts in her deposition testimony (#17-2):  Plaintiff did not see that her vehicle was going to collide with Bonini's tractor-trailer prior to the impact, Plaintiff is unaware of any actions that Bonini took before the impact, Plaintiff only saw Bonini at the time of the impact, and Plaintiff did not see Bonini do anything wrong.  In addition, Bonini contends that Plaintiff has not adduced admissible evidence to support that any alleged negligence on Bonini's part was a proximate cause of Plaintiff's injuries.  He notes that, in her Objection and Responses to Defendants' First Set of Admissions, Plaintiff admitted that "no act or omission on the part of [Bonini] caused [her] to lose control of the vehicle [she was] driving before any physical contact occurred between [her] vehicle and the tractor-trailer operated by [Bonini]."  Bonini emphasizes further that it is undisputed that the actions of the unknown motorist who recklessly moved into Plaintiff's lane and caused her to "take evasive action" were the sole proximate cause and/or a contributing proximate cause of Plaintiff's collision and injuries.

In response, Plaintiff contends that Bonini's deposition testimony provides "more than a scintilla of evidence" that Bonini was driving negligently at the time of the collision and that his negligence was a proximate cause of Plaintiff's injuries.  In particular, Plaintiff focuses first on a portion of Bonini's deposition where he confirms that, as a commercial driver, he "ideally" tries to avoid being "boxed in" by other vehicles by leaving himself an "out," or the ability to shift to another lane to his right or left if needed.  Bonini also agreed that, in situations where he does find himself boxed in, he will attempt to slow down to allow the vehicles that are beside him to pass him.  Plaintiff next directs the court's attention to Bonini's discussion of the collision between his

17

tractor-trailer and Plaintiff's truck.  Bonini testified that, during the thirty seconds leading up to the collision, "there [were] cars on the right and the left and there was nothing in front of [him]," clarifying that the nearest car in the lane ahead of him was over 150 feet away.[6]  Plaintiff thus argues that Bonini's testimony provides evidence that Bonini breached his duty "to operate his commercial vehicle as a reasonably prudent truck driver"[7] by "letting himself get boxed in on the right and left" and "failing to slow down ahead of the chain of events that led to the collision."

Similarly, Plaintiff maintains that Bonini's testimony provides evidence that his negligence in failing to slow down to prevent himself from being "boxed in" was a proximate cause of Plaintiff's injuries.  Specifically, Plaintiff asserts that there is a "probability" that a collision would not have occurred if, in the moments leading up to the collision, Bonini had decreased his speed in order to avoid being "boxed in" by the vehicles on his right and left.  Plaintiff points out that, in his testimony, Bonini confirmed that the vehicle in the lane to the left of him did not strike Plaintiff as her truck traveled perpendicularly across I-10.  Thus, Plaintiff contends, there is a

---

[6] Later in his deposition, Bonini testified that his only "out" in the time leading up to the collision was within his own lane, specifically responding, "That's correct" when asked, "And so your only out would have been directly in front of you?"  While Bonini went on to testify that, during the moments when Plaintiff's truck was veering across I-10, he was "not sure" if "there [was] any traffic to [his] right," he nevertheless confirmed that the right-hand lane was not a potential "out" for him, responding "I couldn't—no.  Nope," when asked:  "Was that, to the right, a potential out for you in that situation?"  Bonini testified further that he could not have moved to the right-hand lane, even if that lane was clear in the seconds before the collision, because he "was 100 percent on the brakes at that point and . . . it was nothing going on at that point that made running that vehicle safe or a prudent decision."

[7] "Texas drivers have a 'general duty to exercise ordinary care to avoid a foreseeable risk of harm to others.'"  *Obregon v. United States*, No. 5:17-CV-30, 2018 WL 6179507, at *3 (S.D. Tex. Nov. 27, 2018) (quoting *Williamson County v. Voss*, 284 S.W.3d 897, 902 (Tex. App.—Austin 2009, no pet.)), *aff'd*, 791 F. App'x 458 (5th Cir. 2019); *see Ciguero v. Lara*, 455 S.W.3d 744, 748 (Tex. App.—El Paso 2015, no pet.); *Tex. Dep't of Transp. v. Pate*, 170 S.W.3d 840, 847 (Tex. App.—Texarkana 2005, pet. denied) (referencing motorists' "general duty to drive safely"); *Adams v. Morris*, 584 S.W.2d 712, 716 (Tex. Civ. App.—Tyler 1979, no writ) (explaining that a driver of a motor vehicle has a duty to exercise "the care a reasonably prudent person would exercise under like circumstances").

18

"probability" that a collision would not have occurred and Plaintiff's injuries would not have resulted if Bonini had slowed down and not allowed himself to remain "boxed in" in the seconds before Plaintiff and Bonini's eventual collision.

Viewing the evidence in the light most favorable to Plaintiff, the court concludes that Plaintiff has met her burden to produce "more than a scintilla" of admissible evidence such that a reasonable jury could find in her favor.  Accordingly, summary judgment is not warranted with respect to Plaintiff's negligence claim against Bonini.

III.   Conclusion

In accordance with the foregoing, Defendants' Motion for Summary Judgment (#17) is GRANTED in part and DENIED in part.  Defendants' motion is granted with regard to Plaintiff's claims of negligent entrustment; negligent hiring; negligent training; and negligent supervision, retention, and monitoring against Just In Time.  There remain no material facts in dispute, and Just In Time is entitled to judgment as a matter of law on all of Plaintiff's claims against it based on these theories.

Defendants' motion is denied with respect to Plaintiff's negligence claim against Bonini. Genuine disputes of material fact exist, and Plaintiff, therefore, may proceed to trial on her negligence claim against Bonini.

SIGNED at Beaumont, Texas, this 4th day of January, 2024.

_Marcia A. Crone_
_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE